[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 19-14778
Non-Argument Calendar

————————————————

D.C. Docket No. 5:17-cr-00046-PGB-PRL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERIC PEDRO VALDEZ,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Middle District of Florida

————————————————

(July 28, 2020)

Before ROSENBAUM, NEWSOM, and LAGOA, Circuit Judges.

PER CURIAM:

After a jury trial, Eric Valdez was convicted of conspiracy to distribute 500

grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846 and

841(b)(1)(A).  The trial evidence showed that Valdez was a drug courier who, on March 23, 2016, delivered nearly four kilograms of 98% pure methamphetamine to an individual cooperating with law enforcement.  At sentencing, the district court refused to give Valdez a guideline reduction for a minor role in the offense, *see* U.S.S.G. § 3B1.2, and then sentenced him to 216 months in prison.

On appeal, Valdez contends that the district court legally erred by denying the § 3B1.2 reduction solely on the ground that no role reduction is available when a defendant is held accountable for only his own relevant conduct.  We agree.  Because the guidelines make clear that Valdez is eligible for a role reduction and the court appears to have based its decision on a single factor, rather than the totality of the circumstances, we vacate and remand for resentencing.  As a result, we do not at this time consider Valdez's other argument that the sentence is substantively unreasonable because it was nearly twice the length of the sentences two more culpable codefendants received.

We review a district court's denial of a role reduction for clear error.  *United States v. Cruickshank*, 837 F.3d 1182, 1192 (11th Cir. 2016).  "Clear error review is deferential, and we will not disturb a district court's findings unless we are left with a definite and firm conviction that a mistake has been committed."  *Id.* (quotation marks omitted).  The defendant must prove his minor role in the offense by a preponderance of the evidence.  *Id.*

2

Section 3B1.2 provides for a two-level decrease to the defendant's offense level if he was a "minor participant" in the criminal activity, a four-level decrease if he was a "minimal participant," and a three-level decrease if his role was in between. A "minor participant" is someone "who is less culpable than most other participants in the criminal activity, but whose role could not be described as minimal," U.S.S.G. § 3B1.2, cmt. n.5, while a "minimal participant" is one "who [is] plainly among the least culpable of those involved in the conduct of a group," *id.* § 3B1.2, cmt. n.4.

In *United States v. De Varon*, we instructed that, in assessing a defendant's role in the criminal activity, the district court should consider two principles:  first, the defendant's role in the relevant conduct for which he has been held accountable at sentencing;  and, second, his role as compared to that of other identifiable or discernable participants in the relevant conduct.  175 F.3d 930, 940 (11th Cir. 1999) (*en banc*).

With regard to the first principle, the commentary to § 3B1.2 clarifies that a defendant who is held accountable for only the conduct in which the defendant was personally involved may still receive a role reduction.  U.S.S.G. § 3B1.2, cmt. n.3(A).  Specifically, the commentary advises that "a defendant who is convicted of a drug trafficking offense, whose participation in that offense was limited to transporting or storing drugs and who is accountable under § 1B1.3 only for the quantity of drugs the defendant personally transported or stored may receive an

3

adjustment under this guideline." *Id.* Additionally, the fact that the defendant performed a task that was "essential or indispensable" to the criminal activity "is not determinative," and the defendant's role must still be evaluated to determine "if he or she is substantially less culpable than the average participant in the criminal activity." *Id.*, cmt. n.3(C).

The decision whether to apply a mitigating role reduction is "based on the totality of the circumstances and involves a determination that is heavily dependent upon the facts of the particular case." *Id.* Section 3B1.2's commentary outlines a non-exhaustive list of factors relevant to determining the defendant's role. *See id.* These factors include (a) "the degree to which the defendant understood the scope and structure of the criminal activity"; (b) "the degree to which the defendant participated in planning or organizing the criminal activity"; (c) "the degree to which the defendant exercised decision-making authority"; (d) "the nature and extent of the defendant's participation in the commission of the criminal activity"; and (e) "the degree to which the defendant stood to benefit from the criminal activity." *Id.* "The court must consider all of these factors to the extent applicable, and it commits legal error in making a minor role decision based solely on one factor." *United States v. Valois*, 915 F.3d 717, 732 (11th Cir. 2019) (quotation marks omitted).

In this case, the district court denied Valdez a role reduction on the ground that "[t]he guidelines are clear that when an individual is held accountable only for

their relevant conduct, then there is no minimal role, nor is there a minor role." The court noted that Valdez, in the presentence investigation report, was held accountable for "just the conduct that [he] has been convicted of and not the relevant conduct in the broader sense of the conspiracy." The court further stated that, although Valdez was not entitled to a role reduction, it would take into account Valdez's "overall involvement in the larger conspiracy and what his relative position was, vis-à-vis the other individuals," when evaluating the 18 U.S.C. § 3553(a) factors.

Later, in explaining its decision to sentence Valdez to 216 months in prison, the district court observed that Valdez's "role was less than the others in the sense that [he] w[as] a person who was tasked with taking some of the most risky activities," which was a position usually "occupied by someone lower within the organization." In addition, the court noted, there were at least two other individuals who "were placed higher than [he] in the chain of command" and "had greater culpability."

Here, the district court erred by denying a reduction based on a single factor. *See Valois*, 915 F.3d at 732. Our decision in *United States v. Presendieu*, 880 F.3d 1228, 1250 (11th Cir. 2018), is instructive here. In *Presendieu*, we found that the district court legally erred when it "indicated that [the defendant] was not entitled to a minor role reduction solely on the ground that she was being held accountable only

5

for 'her own actions as opposed to the broader conspiracy.'" *Id.*  We explained that this was "not an impermissible factor" but was "only one of many relevant factors." *Id.*  We also noted that there was conflicting evidence as to the defendant's role. *Id.* We therefore vacated the denial of a role reduction and directed the court to examine the defendant's "role in the overall scheme in light of the relevant factors and the totality of the circumstances." *Id.*

Similarly, the district court here denied Valdez a role reduction on the ground that "[t]he guidelines are clear that when an individual is held accountable only for their relevant conduct, then there is no minimal role, nor is there a minor role." *See id.*  This statement is incorrect because the guidelines provide that a drug-courier defendant like Valdez who is held accountable for only his own relevant conduct may still receive a role reduction. *See* U.S.S.G. § 3B1.2, cmt. n.3(A), (C).  And an evaluation of the defendant's role in the relevant conduct for which he is held accountable at sentencing "is only one of many relevant factors." *Presendieu*, 880 F.3d at 1250.  Moreover, the district court otherwise indicated that it viewed Valdez as less culpable in the criminal activity, stating that Valdez's "role was less than the others in the sense that [he] w[as] a person who was tasked with taking some of the most risky activities" and referencing two coconspirators who were "placed higher than [him] in the chain of command" and had "greater culpability."  Accordingly, as

6

in *Presendieu*, we conclude that the court legally erred by denying a reduction based on a single factor. *See id.*

The government maintains that any error in denying a role reduction is harmless because the district court's decision to sentence Valdez well below the guideline range expressly took into consideration his role in the offense. In the government's view, this reflects that the court would have imposed the same sentence regardless of its resolution of the guideline issue.

We decline the invitation to engage in what, on this record, would amount to speculation. The district court did not state on the record that the guideline issue had no effect on its choice of sentence. *See United States v. Keene*, 470 F.3d 1347, 1349 (11th Cir. 2006) ("Whether to decide and state on the record if the decision of a guidelines issue matters to the ultimate sentence imposed is up to the district court in each individual case."). Nor are there strong indications in the record from which we could infer with any certainty that the guideline issue did not matter to the outcome. *See Molina-Martinez v. United States*, 578 U.S. ___, ___, 136 S. Ct. 1338, 1347 (2016) ("Where . . . the record is silent as to what the district court might have done had it considered the correct Guidelines range, the court's reliance on an incorrect range in most instances will suffice to show an effect on the defendant's substantial rights.").

In these circumstances, we think the wisest course of action is to vacate the district court's decision and remand for resentencing. On remand, the court should base its role-reduction decision on "the relevant factors and the totality of circumstances." *Presendieu*, 880 F.3d at 1250. We express or imply no opinion on whether Valdez is entitled to a role reduction on remand.

**VACATED AND REMANDED.**